UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH W. WILCOX; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN J. CHANGALA, *et al.*, <br><br> Defendants. | No. CV-10-3048-RHW <br><br> **PROTECTIVE ORDER RE: JULY 18, 2011, DISCOVERY REQUESTS** |

On July 18, 2011, the Defendants propounded sixteen interrogatories and fourteen requests for production. The parties recently contacted the Court to resolve a dispute about the Plaintiffs' responses, submitting letters outlining their positions along with a copy of the discovery requests and the answers thereto. The Defendants raise at least three issues: that the Plaintiffs did not respond to the interrogatories with narrative answers; that the documents produced in response to the requests for production include irrelevant material; and that the Plaintiffs' objections to the requests are inadequate. The Plaintiffs rest on their objections, primarily that the discovery requests are over-broad, burdensome, and not in conformance with the federal rules. This matter was heard without oral argument, and after reviewing the submissions, the Court agrees with the Plaintiffs. A protective order is entered to the extent provided below. FED. R. CIV. P. 26(b)(2)(C).

**PROTECTIVE ORDER** * 1

A.  **INTERROGATORIES**

   1.  **Number**

The federal rules allow parties to propound only twenty-five interrogatories, inclusive of subparts. FED. R. CIV. P. 33(a)(2). Although the Defendants fashion their interrogatories under sixteen headings, each one is a rambling grouping of several component parts. The following example—consisting of a single, 127-word sentence—is typical of each of the Defendants' interrogatories:

> INTERROGATORY 6. Please identify every fact, including all evidence of and every witness to each particular fact you identify, upon which you base your claims, as you allege in your complaint, that, relative to the incident on April 28, 2007, and the subsequent prosecution of T.R.W. for attempting to elude a pursuing police vehicle in violation of RCW 41.61.024 (Yakima County Superior Court, Juvenile Division, Cause No. 07-8-00748-3), Defendant Steven Changala enlisted the help of Defendant JC Shah to institute legal proceedings against T.R.W., without probable cause, and to provide false testimony against him in felony criminal proceedings, and that Defendant Changala and Defendant Shah encouraged, acted jointly, aided and abetted, and conspired with each other in initiating pursuit, and in causing felony charges to be filed against T.R.W.

To help the Plaintiffs interpret and answer these interrogatories, the Defendants provide a long list of instructions. Among them:

> "Identify" or "Identify" [sic] when applied to a natural person requires you to provide the person's full name, including any aliases or former names, present whereabouts, residence address, residence telephone, business or occupation, employer, job title, position, or description, business address, and business telephone. If current information is not available to you after reasonable inquiry; then give the most recent information; when applied to an entity other than a natural person, requires you to state the full name, present or last known address, and form of entity (i.e., corporation, partnership, etc.); when used in reference to a document mean to state the full names, including any aliases or former names, residence address and telephone numbers, occupation, employer, job title or position, business address, business telephone number and present whereabouts of all individuals who either authored or received a copy of the document, the date of the document and a summary of the contents of the document; and when used in reference to a communication mean to state the full names, including any aliases or former names, residence address and telephone numbers, occupation, employer, job title or position, business address, business telephone number and present whereabouts of all individuals who were part of the communication, the date of the communication, a summary of the information conveyed and received as a result of the communication and any documents generated in preparation for, during

**PROTECTIVE ORDER** * 2

or as a result of that communication.

This 238-word sentence requires the Plaintiffs to provide, depending on what is to be "identified," up to *thirteen* pieces of information per interrogatory *component*. After applying this and the other instructions to the Defendant's interrogatories, it is clear that an answer to each discrete subpart in the manner contemplated would require many more than twenty-five responses. The number of interrogatories far exceeds the spirit of the federal rules.

### 2. Scope

Moreover, the scope of the Defendants' interrogatories is overly burdensome. All follow the same general format and ask the Plaintiffs for "each and every" fact and witness supporting their various claims. This style of discovery request is loosely termed a "contention interrogatory." *See*, *e.g.*, Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007). Although disfavored at one time, contention interrogatories are no longer automatically barred, but the Court retains considerable discretion in limiting their use. FED. R. CIV. P. 33(a)(2) (providing that an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"); *see also* Cable & Computer Tech., Inc. v. Lockheed Saunders, 175 F.R.D. 646, 650 (C.D. Cal. 1997) (restating the inherent power of the court to constrain abusive discovery).

There are two general limits to contention interrogatories. First, they are improper when propounded too early in the lawsuit—*i.e.*, before designated discovery is complete or a pre-trial conference has been had—unless the serving party demonstrates that the information sought could, among other things, expose a substantial basis for filing dispositive motions. McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996); *see also* FED. R. CIV. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed). Second, contention interrogatories that systematically track all of the allegations in the complaint and ask the responding party to identify "each and every"

**PROTECTIVE ORDER** * 3

supporting fact about a particular allegation are an abuse of the discovery process. *See, e.g.,* In re: Convergent Tech. Sec. Litig., 108 F.R.D. 328, 333-339 (N.D. Cal. 1989).

Although the interrogatories here are not premature, they are over-broad. "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." Lucero, 240 F.R.D. at 595. This is exactly what the Defendants demand. Taken with the lengthy instructions, the interrogatories fragment the Plaintiffs' complaint, and for each allegation ask for a detailed account of *every* fact and witness supporting a particular claim. Their clear thrust is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product. The Plaintiffs are not required to supplement their responses.

### 3. Rule 26 Disclosures

The Defendants are, of course, entitled to discover the identities of witnesses and other evidence that may be used at trial or that may lead to other discoverable information. Accordingly this Order does not relieve any party of the duty under Rule 26 to disclose such information in a timely manner. *See* FED. R. CIV. P. 26(a).

### B. REQUESTS FOR PRODUCTION

The Defendants also object to the Plaintiffs' responses to their requests for production. Responding parties are not permitted to mingle responsive documents with large numbers of unresponsive documents for the purpose of overwhelming the opposing party. Hagemeyer N. A., Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 598 (E.D. Wisc. 2004). When, however, "broad discovery requests lead to relevant documents being mixed in with seemingly irrelevant documents, the fault lies just as much with the party who made the request as with the party who produced documents in response." Community House, Inc. v. City of Boise, 2009 WL 1650463, *3 (D. Idaho 2009). Here, the Defendants' requests for production simply mirror

**PROTECTIVE ORDER** * 4

1  interrogatories that are exceedingly broad. There is no quantitative evidence before
2  the Court that the Plaintiffs are obfuscating relevant discovery, and the responses,
3  which indicate by Bates number the specific documents answering each request, are
4  sufficient.
5      **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter
6  this order and to furnish copies to counsel.
7      **DATED** this 18th day of January, 2012.

          *s/Robert H. Whaley*
          ROBERT H. WHALEY
          United States District Judge

Q:\aCIVIL\2010\Wilcox\protective order.ord.wpd

**PROTECTIVE ORDER** * 5